BARKETT, Circuit Judge,
dissenting from the denial of rehearing en banc:
I join Judge Tjoflat’s opinion and dissent from the denial of rehearing en banc in this case for the reasons explained in my dissent from the denial of rehearing en banc in United States v. Levy, 391 F.3d 1327 (11th Cir.2004). This proceeding in *1152 volves a question of exceptional importance, see Fed. R.App. P. 35(a)(2), similar to that presented in Levy — whether a criminal defendant has waived his claim under Blakely v. Washington, — U.S. -, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, — U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on direct review because he did not raise it in his initial appellate brief, when the law of this Circuit had already specifically rejected such a claim at the time the initial brief was filed. See Levy, 391 F.3d at 1351 (Barkett, J., dissenting from denial of reh’g en banc).
I believe, as I did in Levy, that this Circuit is applying its procedural bar rules in a manner inconsistent with the U.S. Constitution pursuant to Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), and inconsistent with the goals of efficiency and conservation of judicial and parajudicial resources that our procedural bar rules serve. See Levy, 391 F.3d at 1351-52, 1356 (Barkett, J., dissenting from denial of reh’g en banc). Moreover, I think this Circuit incorrectly deems Higdon’s Blakely/Booker claim as “waived.” Waiver requires intentional relinquishment or abandonment of a known right. See id. at 1352-54 (Barkett, J., dissenting from denial of reh’g en banc). Higdon could not have intentionally relinquished or abandoned a right that our own precedent flatly denied him at the time his initial brief was filed. Id. Any “failure” on Higdon’s part in raising the claim in his initial brief was dictated by our own precedent, and thus his Blakely/Booker claim cannot fairly be considered “waived.” Id.